**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

**FILED**

Statesville, NC

MAR 26 2026

Clerk, US District Court
Western District of NC

|  |  |  |
|---|---|---|
| SAM CHANIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:26-cv-73 MEO |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PADANG PADANG, LTD.; | ) | |
| ELLIOTT FOXCROFT; | ) | |
| ASHLEY FARMER; | ) | |
| BRETT BERTOLAMI; and | ) | |
| JOHN DOES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff Sam Chanin ("Plaintiff"), proceeding pro se, respectfully files this Verified Complaint against Defendants Padang Padang, Ltd. ("Padang"), Elliott Foxcroft ("Foxcroft"), Ashley Farmer ("Farmer"), Brett Bertolami ("Bertolami"), and John Does 1–10 (collectively, "Defendants"), and alleges as follows:

### I. INTRODUCTION

1. This action arises from Defendants' unlawful scheme to obstruct and prevent Plaintiff from selling lawfully obtained shares of a publicly traded company, Sentinel Holdings Limited ("Sentinel"), through a pattern of nondisclosure, abuse of control, and retaliatory interference.

Case 5:26-cv-00073-MEO-DCK    Document 1    Filed 03/26/26    Page 1 of 14

2. Padang is Sentinel's controlling shareholder by virtue of super-voting preferred stock that renders all other shareholders powerless in any matter submitted to Sentinel's board of directors.

3. Upon information and belief, Foxcroft controls Padang, making him the ultimate beneficial owner and controller of Sentinel through Padang's super-voting stock.

4. Defendants intentionally used this voting control and related influence to block Plaintiff's stock transfers, interfere with Plaintiff's contractual and prospective economic relationships, and coerce Plaintiff by depriving him of liquidity in his personal property.

5. Plaintiff earned 500,000 shares of Sentinel common stock after nearly a decade of service to Sentinel and its affiliates, beginning in approximately 2015. These shares were validly issued in two tranches, reflected in Sentinel's meeting minutes and public filings (including Forms 10-K and 10-Q) without objection for years, and any initial six-month restriction expired long ago.

6. After Plaintiff filed for bankruptcy restructuring in 2024 and obtained court approval of a restructuring plan in 2025, he prepared to sell shares pledged in those proceedings. Only then did Defendants cause Sentinel's transfer agent to refuse removal of the restrictive legend, despite compliance with Rule 144 of the Securities Act of 1933.

7. No court has issued an injunction restricting Plaintiff's shares. Defendants have relied upon the existence of unadjudicated litigation in Nevada as a pretext to direct or influence the transfer agent to refuse removal of restrictive legends.

8. Prior to Defendants' learning of Plaintiff's intent to sell shares pledged in bankruptcy proceedings, no objections were raised by the transfer agent. After Defendants became

aware of the planned sale, the transfer agent refused in writing to remove the restrictive legend, while Sentinel continues to issue shares and facilitate sales by other shareholders.

9. Plaintiff is also party to an active consulting agreement with United Security Specialists, Inc. ("USSI"), a wholly owned subsidiary of Sentinel. USSI owes Plaintiff substantial unpaid compensation, and USSI executed an extension and settlement agreement acknowledging these obligations. Plaintiff has been informed by company leadership that payments were halted at the direction of Foxcroft. A related collection action is pending in California.

10. Defendants' conduct constitutes tortious interference, breach of fiduciary duty, shareholder oppression, civil conspiracy, unfair and deceptive trade practices, violations of federal securities laws (including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder), and warrants declaratory and injunctive relief.

11. Plaintiff does not seek damages from Sentinel itself. This action is directed against the individual and entity Defendants who exercise undisclosed control over Sentinel and have used that control to obstruct Plaintiff's lawful rights. Following discovery, Plaintiff expects to amend this Complaint to add Sentinel, its directors, officers, and Padang's other beneficial owners as defendants, as well as additional causes of action as facts warrant.

## II. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

13. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District, Padang has its registered office and principal place of business in Mooresville, North Carolina, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**III. PARTIES**

16. Plaintiff Sam Chanin is an individual residing at 10454 SW 54th Street, Cooper City, Florida 33328. He is proceeding pro se in this matter due to the Defendants' actions, which have caused financial hardship and an inability to retain counsel.

17. Defendant Padang Padang, Ltd. is a North Carolina company with a registered office at 631 Brawley School Rd., Ste. 300 #181, Mooresville, NC 28117, and an email address of PadangPadangltd@gmail.com. Padang is Sentinel's controlling shareholder.

18. Defendant Elliott Foxcroft is an individual North Carolina resident with addresses at 439 Kemp Road, Mooresville, NC 28117, and possibly 512 Innisbrook Road, Statesville, NC 28625. His email address is lkntrading@roadrunner.com. Upon information and belief, Foxcroft controls Padang and acts as a de facto senior executive of Sentinel, exercising substantial operational control.

19. Defendant Ashley Farmer is an individual North Carolina resident with a residential address of 512 Innisbrook Road, Statesville, NC 28625, and an email address of

afarmer@weichertlkn.com. Upon information and belief, Farmer is the registered President of Padang and is in a personal relationship with Foxcroft, who purchased the Innisbrook Road property for her.

20. Defendant Brett Bertolami is an individual North Carolina resident residing at 304 Queens Cove Rd., Mooresville, NC 28117, with an email address of govlkn@gmail.com. At all relevant times, Bertolami served on Sentinel's board of directors, drew a salary for such service, and took direction from Padang, Foxcroft, and/or Farmer instead of exercising independent fiduciary duties.

21. John Does 1–10 are unidentified persons or entities who participated in, aided, or benefited from the acts alleged herein, whose identities will be ascertained through discovery.

## IV. FACTUAL BACKGROUND

### A. Sentinel's Corporate Structure and Padang's Control

22. Sentinel is a publicly traded company organized under the laws of Nevada, with over 140 shareholders.

23. Padang is Sentinel's controlling shareholder. According to Sentinel's stock transfer agent and public filings, Padang owns: (a) 400,000 shares of Series A Preferred Stock, each carrying 30 votes per share, resulting in 12,000,000 voting rights; and (b) 50,000 shares of Series B Preferred Stock, each carrying 10 votes per share and convertible into common stock at a 50:1 ratio, entitling Padang to an additional 2,500,000 votes.

24. As a result, Padang controls an aggregate of 14,500,000 votes, representing a majority of Sentinel's total voting power. Padang thus has the ability to determine or significantly influence the outcome of all matters submitted to Sentinel's stockholders, including the

election of directors and approval of significant corporate transactions. Sentinel is therefore under the control of Padang for financial reporting purposes.

25. By virtue of this super-voting stock, Padang controls Sentinel's board and corporate governance such that all common shareholders combined cannot outvote Padang on any matter. Sentinel does not operate with independent board decisions in the best interests of its shareholders.

## B. Elliott Foxcroft's Undisclosed Control and Executive Role

26. For many years, Foxcroft has functioned as a de facto senior executive of Sentinel, making key operational, strategic, and management decisions. All important business decisions at Sentinel are decided solely by Foxcroft, not the board of directors.

27. Foxcroft misleadingly represents himself as a mere "consultant" to Sentinel, but he controls the board and acts as shadow management. This role has been known internally to Sentinel's executives, board members, and many shareholders, but not disclosed to the public in Sentinel's SEC filings.

28. Upon information and belief, Foxcroft is the beneficial owner of Padang and thus the ultimate controller of Sentinel. A former Sentinel executive confirmed that Farmer, Padang's registered President, is Foxcroft's girlfriend (half his age), and that Foxcroft purchased a luxurious house listing Farmer as sole owner. Foxcroft has bragged about this relationship and shared photos of them together.

29. Sentinel's public filings misled the public for years regarding executives, board members, shareholders, vendors, and voting control. Sentinel's auditors failed to detect or disclose Padang's voting control, in violation of federal securities laws.

30. In August 2025, Sentinel belatedly disclosed Padang's control in a small, hidden section of a filing, implying the control was recent when it had existed for years. The disclosure was misleading, incomplete, and confusing, failing to comply with SEC requirements. Nowhere does it disclose that Foxcroft controls Padang and thus Sentinel single-handedly.

31. Foxcroft's undisclosed executive role, beneficial ownership of Padang, and unified control create inherent conflicts of interest and deprive shareholders of material information. These omissions violate Sections 13(d), 10(b), and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5.

32. Foxcroft has bragged about being "lawsuit-proof" due to hidden involvement. He emerged publicly in a Utah lawsuit against former CEO Kip Eardley to block stock sales, and in other actions: (a) a Nevada federal suit to cancel stock earned for services; and (b) a California suit to cancel stock used as business consideration. This pattern uses the legal system as a weapon to reduce dilution and further a "pump and dump" scheme, benefiting Foxcroft and insiders at the expense of other shareholders, including Plaintiff. Foxcroft reportedly refused settlements due to concerns about personal exposure to investors.

33. Upon information and belief, Sentinel's lawyers knew of Foxcroft's control and either aided nondisclosure or failed to alert auditors.

## C. Plaintiff's Acquisition of Sentinel Stock and Service

34. Beginning in approximately 2015, Plaintiff provided services to Sentinel (formerly James Maritime Holdings, Inc.) and affiliated entities, including USSI.

35. After years of service, Plaintiff was compensated with 500,000 shares of Sentinel common stock, issued in two tranches. All negotiations were conducted with Foxcroft, who

represented himself as acting for Sentinel, along with the then-CEO who executed documents.

36. A former Sentinel President, CEO, and Director with direct knowledge confirmed these issuances were discussed at the board level and consistent with company practice.

37. The shares were originally subject to a six-month holding restriction under Rule 144, which expired years ago. Plaintiff obtained a formal legal opinion confirming resale eligibility and submitted the required documentation to the transfer agent.

38. Plaintiff owns these shares directly and has sufficient ownership interest for standing. He also owns Sentinel stock through a company owned by his wife, of which he is the senior executive officer.

39. Plaintiff entered into contractual relationships with Sentinel and USSI, including the consulting agreement with USSI. Plaintiff would not have accepted equity in lieu of cash or entered these contracts had he known of Sentinel's undisclosed control by Padang and Foxcroft. One person controlling a public company without disclosure constitutes fraud, used to gain contractual advantages.

**D. Bankruptcy Restructuring and Pledged Shares**

40. Plaintiff filed for bankruptcy restructuring in 2024. In 2025, the bankruptcy court approved Plaintiff's restructuring plan.

41. Plaintiff pledged his Sentinel shares as a material asset in these court-approved proceedings.

**E. Defendants' Obstruction of Plaintiff's Stock Sales and Payments**

42. Plaintiff attempted to sell portions of his Sentinel stock in lawful market transactions to fulfill bankruptcy obligations.

43. Defendants, acting through Padang's voting control and Foxcroft's operational influence, intentionally obstructed these sales.

44. In or about 2025, Sentinel initiated litigation in Nevada alleging Plaintiff breached an expired non-circumvention provision in a prior consulting agreement. No Nevada court has entered an injunction, temporary restraining order, or other order restricting transfers.

45. Defendants have relied on this unadjudicated Nevada action as a pretext to direct the transfer agent to refuse removal of restrictive legends, despite Rule 144 compliance.

46. Defendants' obstruction has deprived Plaintiff of liquidity, damaged his economic interests, and constitutes wrongful exercise of control over his property, amounting to tortious interference or civil conversion.

47. Additionally, USSI halted payments owed to Plaintiff under the consulting agreement at Foxcroft's direction, interfering with that contract.

**F. Defendants' Scheme of Concealment and Nondisclosure**

48. Defendants failed to disclose, and affirmatively concealed or misrepresented, material facts including: (a) Padang's true control through super-voting stock; (b) Foxcroft's de facto executive role; (c) Foxcroft's beneficial ownership of Padang; (d) the unified control structure; (e) Padang's and Foxcroft's domination of Sentinel's board and management; and (f) Defendants' intent and practice of blocking minority shareholders from selling stock.

49. These failures constitute violations of Sections 13(d), 10(b), and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5, requiring truthful disclosure of beneficial ownership, control, executive roles, and governance.

50. Plaintiff reasonably relied on the integrity of Sentinel's public disclosures and the absence of information regarding Padang's and Foxcroft's control in making decisions to provide services, accept equity, hold shares, and enter contracts.

## V. CLAIMS FOR RELIEF

### COUNT I – Tortious Interference with Contract and Prospective Economic Advantage
*(Against All Defendants)*

51. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

52. Plaintiff had valid contracts (including with USSI and prospective buyers) and reasonable expectations of selling his Sentinel shares.

53. Defendants knew of these contracts and expectancies.

54. Defendants intentionally induced Sentinel, USSI, and the transfer agent to prevent or block Plaintiff's stock sales and payments.

55. Defendants acted without justification and for improper purposes, including preserving control, depressing stock value, forcing buybacks, and retaliating against Plaintiff.

56. Plaintiff suffered actual damages as a result.

### COUNT II – Breach of Fiduciary Duty
*(Against Padang, Foxcroft, and Bertolami)*

57. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

58. As controlling shareholder, Padang owed fiduciary duties of loyalty, good faith, and fair dealing to minority shareholders.

59. As beneficial owner and controller of Padang and de facto senior executive of Sentinel, Foxcroft owed the same duties. Bertolami, as a director, owed independent fiduciary duties.

60. Defendants breached these duties by abusing control to block Plaintiff's liquidity and payments for self-interested purposes.

61. Plaintiff was damaged thereby.

## COUNT III – Shareholder Oppression / Unfairly Prejudicial Conduct
*(Against All Defendants, N.C. Gen. Stat. § 55-14-30)*

62. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

63. Defendants engaged in oppressive conduct unfairly prejudicial to Plaintiff, in violation of N.C. Gen. Stat. § 55-14-30.

64. Defendants froze Plaintiff out of liquidity, weaponized control without legitimate justification, and interfered with his rights.

## COUNT IV – Civil Conspiracy
*(Against All Defendants)*

65. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

66. Defendants agreed and acted together to obstruct Plaintiff's lawful stock sales and payments.

67. Overt acts were taken in furtherance thereof, resulting in damages to Plaintiff.

## COUNT V – Unfair and Deceptive Trade Practices
*(Against All Defendants, N.C. Gen. Stat. § 75-1.1)*

68. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

69. Defendants engaged in deceptive and bad faith practices in or affecting commerce.

70. Plaintiff suffered actual damages, entitling him to treble damages and attorneys' fees.

## COUNT VI – Declaratory and Injunctive Relief
*(Against All Defendants)*

71. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

72. An actual controversy exists regarding Plaintiff's right to freely transfer his Sentinel shares and receive payments.

73. Plaintiff seeks declarations that his shares are freely transferable and injunctions compelling Defendants to cease interference, approve transfers, remove restrictions, and resume payments.

## COUNT VII – Federal Securities Fraud and Control Person Liability
*(Against All Defendants, Exchange Act §§ 10(b), 20(a) and Rule 10b-5)*

74. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

75. Defendants, directly and indirectly, made untrue statements of material fact and omitted material facts necessary to make statements not misleading in connection with the purchase or sale of securities.

76. Material facts concealed or misstated include those described in Paragraph 49.

77. These omissions were material to investors and shareholders, including Plaintiff, in decisions regarding Sentinel securities and services.

78. Defendants acted knowingly or with reckless disregard for the truth.

79. Plaintiff reasonably relied on the disclosures.

80. As a direct result, Plaintiff suffered economic loss and loss of liquidity.

81. Foxcroft is liable as a control person under Section 20(a).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Declaring Plaintiff's shares freely transferable and unrestricted under Rule 144 of the Securities Act of 1933;

B. Enjoining Defendants from further interference with share transfers, payments, or removal of restrictive legends;

C. Awarding compensatory, consequential, and punitive damages against individual Defendants;

D. Awarding treble damages under N.C. Gen. Stat. § 75-1.1;

E. Awarding attorneys' fees and costs as permitted by law; and

F. Granting such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

## VERIFICATION

I, Sam Chanin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.


Executed on March 13, 2026.


/s/ Sam Chanin
**Sam Chanin**
Plaintiff, Pro Se
10454 SW 54th Street
Cooper City, Florida 33328
Email: SamLawsuitAgainstElliott@yahoo.com